# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**ROBERT BRIAN MORGAN,**

     **Plaintiff,**

**-vs-**               **Case No.  3-:05-CV-123**

**DEL GLOBAL TECHNOLOGIES CORP.,**

         **Judge Thomas M. Rose**

     **Defendant.**

_____

## ENTRY AND ORDER OVERRULING DEFENDANT'S MOTION TO TRANSFER VENUE (Doc. #5)

_____

This matter arises from the employment and subsequent termination of Plaintiff Robert Brian Morgan ("Morgan") by Defendant Del Global Technologies Corp. ("Del Global"). Morgan alleges that, upon termination of his employment on or around May of 2003, Del Global wrongfully withheld payment of earned commissions, accrued vacation and sick pay in violation of the Fair Labor Standards Act ("FSLA"), the Employee Retirement Income Security Act ("ERISA") and common law.

Morgan's Complaint was originally filed in the Court of Common Pleas of Greene County, Ohio and was removed to this Court. Removal, which has not been opposed by Morgan, was based upon this Court having both Federal question and diversity jurisdiction.

Now before the Court is Del Global's Motion To Transfer Venue. (Doc. #5.) Morgan has responded to Del Global's Motion. The time has run and Del Global has not replied. Therefore, Del Global's Motion is ripe for decision.

## FACTUAL BACKGROUND

Del Global is incorporated in the State of New York and maintains its principal office and business headquarters in New York. (Walter F. Schneider Aff. 4.) Morgan is a resident of Greene County, Ohio and was employed by Del Global from approximately October 1998 until on or around May of 2003. (Compl. ¶¶ 1, 3.) Morgan was a sales manager and was responsible for the sale of Del Global products and services in the mid-west region. (Schneider Aff. 5.) Morgan worked out of an office that Del Global maintained in Ohio. (Id. at 7.)

Morgan alleges that he earned commission on his sales of Del Global products and services under the terms of a Sales Manager Compensation Program (the "Program"). (Compl. ¶7.) The terms and conditions of the Program were developed, drafted and negotiated at Del Global's offices in New York. (Schneider Aff. 8.) Also, during and following Morgan's employment with Del Global, all Del Global executives and relevant human resource personnel worked in New York. (Id. at 10.) Finally, Del Global alleges that all documents relevant to Morgan's employment are located in or near the Southern District of New York.

## MOTION TO TRANSFER VENUE

Del Global does not argue that Ohio is an improper venue but seeks to have this case transferred to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1404(a). Morgan opposes a transfer of venue.

Section 1404(a) provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

*Jamhour v. Scottsdale Insurance Co.*, 211 F.Supp.2d 941, 944-45 (S.D. Ohio 2002)(quoting 28 U.S.C. §1404(a)).

The threshold consideration under Section 1404(a) is whether the action might have been brought in another court if:

    a. the other court has jurisdiction over the subject matter of the action,
    b. venue is proper there, and
    c. the defendant is amenable to process issuing out of the other court.

*Id.* at 945 (citing *Sky Technology Partners LLC v. Midwest Research Institute*, 125 F.Supp.2d 286, 291 (S.D.Ohio 2000)(citing *Continental Grain Co. V. The FBL-585*, 364 U.S. 19 (1960)). In this case, Del Global argues that the Southern District of New York has both Federal question and diversity jurisdiction over this matter.  Del Global also argues that venue would be proper in the Southern District of New York. Finally, Del Global argues that it would be amenable to service of process issuing out of the Southern District of New York. Morgan does not dispute these allegations so the Court will assume that the threshold consideration under Section 1404(a) is satisfied.

Once it is determined that the threshold consideration is satisfied, the issue becomes whether transfer is justified under the balance of the language of Section 1404(a). *Id.* The balance of the language of Section 1404(a) provides that a matter may be transferred if the transfer is for "the convenience of the parties and witnesses" and "in the interest of justice." *Id.* "The factors to be considered under Section 1404(a) are similar to those weighed by courts in determining *forum non conveniens* motions; however, the transfers pursuant to Second 1404(a) may be granted 'upon a lesser showing of inconvenience.'" *Id.* (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)).

The moving party, Del Global in this case, has the burden of establishing the need for a transfer of venue. *Id.* (citing *Mead Data Central, Inc. v. West Publishing Co.*, 679 F.Supp. 1455, 1457 (S.D. Ohio 1987)). Also, courts are to consider both the private interests of the parties and the public's interest in the administration of justice. *Id.* (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)). The parties' interests, or the private interests, include:

> The relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of the case easy, expeditions and inexpensive.

*Id.* (quoting *Gulf Oil*, 330 U.S. at 508). The public interests include:

> Docket congestion, the burden of trial to a jurisdiction with no relation to the cause of action, the value of holding trial in a community where the public affected live, and the familiarity of the court with controlling law.

*Id.*

The Court has also considered additional factors when evaluating a motion to transfer venue. The additional factors include "the nature of the suit; the place of the events involved; …and the residence of the parties." *Id.* (citing *Sky Technology*, 125 F.Supp.2d at 291).

"The plaintiff's choice of forum is given considerable weight and the balance of convenience, considering all the relevant factors should be strongly in favor of a transfer before such will be granted." *Id.* at 946-47 (quoting *Hanning v. New England Mutual Life Insurance Co*, 710 F.Supp. 213, 214 (S.D. Ohio 1989)). However, plaintiff's choice of forum is entitled to somewhat less weight when the case is removed to federal court because the plaintiff is no longer in his or her chosen forum. *Id.* (citing *Sky Technology*, 125 F.Supp.2d at 292). Finally, the

decision on whether to grant a change of venue rests with the sound discretion of the trial court. *Id.* at 946.

Private Interests

Del Global argues that considerations of convenience and efficiency favor adjudication in New York because the employees and executives with whom Morgan communicated regarding his alleged commissions and benefits are located in New York. Del Global also indicates that the Southern District of New York has subpoena power over certain potential witnesses who are no longer employed by Del Global and forcing their appearance in the Southern District of Ohio may be more difficult. Finally, Del Global argues that relevant documents and personnel policies are located in New York.

Morgan responds that Del Global maintained an office in Ohio and the events and omissions giving rise to the contractual and statutory violations occurred in Ohio or were anticipated in Ohio. For example, the accounts and orders that form the basis of his claim for commissions and the witnesses thereto occurred in or near Ohio. Further, no substantive interaction was required of Morgan in the State of New York. In addition, the location of documents does not usually justify transfer as documents are easily copied and shipped. *See, Reed Elsevier, Inc. v. Innovator Corp.*, 105 F.Supp. 2d 816, 822 (S.D. Ohio 2000). Finally, Morgan indicates that he would be considerably prejudiced by transfer of this matter to New York because he resides in Ohio and has no counsel in New York.

Public Interests

Del Global argues that transferring this case to the Southern District of New York would comport with considerations of fairness and justice because the operative facts giving rise to this

matter occurred at Del Global's New York office such as determinations pertaining to Morgan's employment, payroll, benefits, compensation and termination. Therefore, according to Del Global, New York has a "far greater" relation to this cause of action than does the Southern District of Ohio. Also, there is no "compelling value" in holding this litigation in Ohio because Del Global no longer maintains an office or any sales representatives in Ohio.

Morgan responds that the allegations of his Complaint involve breach of contractual obligations and statutory violations that occurred in Ohio and involve an employee located in Ohio. Morgan also argues that fundamental justice and fairness generally compel the conclusion that employees working in an Ohio location for an employer maintaining an Ohio office be permitted the opportunity to litigate such disputes in the forum in which that employee is assigned and the forum to which the employer availed itself.

<u>Conclusion</u>

Venue is proper in both the Southern District of Ohio and the Southern District of New York. The analysis then turns on the private and public interests.

Regarding the private interests, the location of evidence appears to weigh slightly in favor of New York. While Morgan would be prejudiced by litigating this matter in New York, the number of Del Global employees and former employees who may be witnesses appears greater than the number of witnesses located in Ohio while the location of documents is not a factor.

The public interests, however, weigh in favor of the Southern District of Ohio. While salary and employment determinations may have been made in New York, their impact was felt

in Ohio. Ohio has an interest in its residents and the manner in which they are treated by those who elect to do business in Ohio.

Even though his dispute has been transferred from one venue to another in Ohio, Morgan elected to litigate this dispute in Ohio. Del Global has not met its burden of establishing that the need for a transfer of venue overcomes Morgan's choice and has not established that public and private interests strongly favor transfer. Therefore, Del Morgan's Motion To Transfer Venue is OVERRULED.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Third day of September, 2005.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record